## SPENCER v. BABYLON R. CO.

(District Court, E. D. New York. April 15, 1914.)

RECEIVERS (§ 150*)—CLAIMS AGAINST RECEIVER—EVIDENCE CONSIDERED.

Evidence in support of a claim against an insolvent railroad *held* insufficient to establish such claim, or to entitle the claimant to have the report of the master disallowing the same set aside and a new hearing granted; no further evidence to substantiate the claim being offered.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 267, 268; Dec. Dig. § 150.*]

In Equity. Suit by William B. Spencer against the Babylon Railroad Company. On motion to confirm master's report disallowing claim of J. Edward Gerety. Report confirmed.

Arthur Carter Hume, of New York City, for receiver.
Robert D. Ireland, of New York City, for defendant.
Howard A. Sperry, of New York City, for claimant.

CHATFIELD, District Judge. The master has reported adversely on the claim of one J. Edward Gerety, and motion has been made to confirm the report. Opposition was presented upon the ground that the hearings were held so quickly and the methods of examination were so much in the nature of cross-examination that the witnesses for the claimant were intimidated. In the affidavit presented, confirmation of the report is opposed on the ground that the master is said to have become so prejudiced against the claimant that another master should be appointed or leave given to bring suit upon the claim. The statement is made that it is useless to proceed further before the present master. No affidavit is made showing any testimony which the claimant desires to present and which he was not given an opportunity to present before. No exceptions to the report have been filed and no sufficient reason is shown why another or further reference is necessary.

Whether the report in the present case is an incorrect or improper conclusion from the record might be argued upon exceptions to the

findings or upon a general objection coupled (if necessary) with evidence to show that the testimony was not fairly considered.

The claimant has, however, interposed an affidavit, which he apparently wishes to have treated as exceptions to the master's report, and is a statement on his part of his charge that the master did not give proper consideration to the evidence. The matter has been submitted upon the record and upon this affidavit, and there seems to be no reason to require the filing of further exceptions under the circumstances.

The claimant is assignee of his brother, who admitted that he owed certain money to the estate of a relative of which the claimant is the "manager." The assignee also admits that he executed the paper offered as an assignment. This does not specify the amount or nature of the property assigned, nor state the actual consideration, but is as follows:

"Babylon, L. I., Aug. 23, 1912.

"John L. Gerety hereby agrees to assign all rights he has in a claim against the Babylon Railroad now on file with the receiver for the sum of one dollar and other valuable considerations.        John L. Gerety."

The claim so assigned merely states "for services rendered in the years 1908, 1909, 1910, in securing franchises, rights of way, etc., in the incorporated villages of Amityville and Babylon and the township of Babylon, the sum of $2,750.00," and is dated August 8, 1912.

The claimant has testified that he personally made the advances of money received by his brother, and the report of the master does not seem to be based upon any question as to the existence of consideration for the assignment, but is rather based upon the fact that the assignor gave no testimony of any services answering to the description of those in the claim, and that he finally stated in writing his desire to drop the matter.

The record also shows that certain counterclaims might be proved, involving questions of integrity as well as liability on the part of the assignor.

The court is unable to see how on such a record the assignee of this claim can insist that he is entitled either to have the report set aside or to a new hearing, when he presents no testimony indicating that the assignor of the claim had any such claim as that purported to be assigned; that is, unless the claimant has some evidence to substantiate the claim which he alleges he took in settlement of a debt due him from his brother.

The record shows no error on the part of the master in the receipt of testimony, nor is there anything to indicate that his report or actions were affected by any feeling against the claimant or his assignor.

The motion for further hearing will be denied, and the report confirmed.